UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | EDCV 23-1903-GW-SPx | Date | December 5, 2023 |
|---|---|---|---|
| Title | *Veronica Isabel Aguilar Herrera v. Swift Beef Company, et al.* | | |

Present: The Honorable   GEORGE H. WU, UNITED STATES DISTRICT JUDGE

| Javier Gonzalez | None Present | |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs:   Attorneys Present for Defendants:

None Present   None Present

**PROCEEDINGS (IN CHAMBERS):**   **ORDER DENYING MOTION TO REMAND; VACATING HEARING ON MOTION**

　　Despite the fact that she did not file a Reply brief – and, consequently, presented no response to reliance on *Curtis v. Irwin Industries, Inc.*, 913 F.3d 1146 (9th Cir. 2019), a centerpiece of the Opposition brief's efforts to explain why subject matter jurisdiction existed in the case – in connection with the original hearing date set for her motion to remand, the Court gave Plaintiff Veronica Isabel Aguilar Herrera ("Plaintiff") an opportunity to file a brief *after* that hearing. *See* Docket No. 24. Having *now* responded to the Opposition filed by defendant Swift Beef Company ("Swift") and to Swift's reliance on *Curtis*, the Court finds Plaintiff's effort unpersuasive, for effectively all of the reasons laid out in Swift's Sur-Reply (also permitted by the Court).

　　Section 514 and Section 510(a)(2) of California's Labor Code, by their plain language, present *separate* reasons for why the overtime provision in Section 510 may not apply. Section 514's terms make clear that its reason for why that might be the case is based on the provisions of an applicable collective bargaining agreement ("CBA"), not an employee's actual work experience under that CBA (as is the case with respect to Labor Code Section 510(a)(2)). As previously-noted (and as is again the case), Plaintiff has not contested that a CBA governs her work and contains all of the required elements set forth in Section 514. Therefore, under *Curtis*, her overtime claim provides a basis for this Court's subject matter jurisdiction pursuant to the preemptive effect of the Labor Management Relations Act ("LMRA"). All of the other claims in her case are properly before the Court *at least* by virtue of supplemental jurisdiction.

　　Plaintiff indicates that if "in the event the Court disagrees" with the argument she now makes regarding *Curtis*, she "does and hereby dismisses" her overtime claim without prejudice in order to

　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　:

　　　　　　　　　　　　　　　　　　　　　　　　　Initials of Preparer   JG

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | EDCV 23-1903-GW-SPx | Date | December 5, 2023 |
|---|---|---|---|
| Title | *Veronica Isabel Aguilar Herrera v. Swift Beef Company, et al.* | | |

provide a basis for this Court to remand what remains of the case. *See* Docket No. 25, at 4:21-24.[1] However, this is not a motion to dismiss; it is a motion to remand. If Plaintiff is going to dismiss her own claim, she must follow the procedures set forth in Federal Rule of Civil Procedure 41 – doing so by way of a late-filed (though permitted) Reply (perhaps especially where she appears to request a dismissal of the claim *without* prejudice) does not allow for an orderly consideration of issues relevant to the request.

If Plaintiff successfully achieves dismissal of her overtime claim (and of her twelfth cause of action to the extent it is based upon her overtime allegations/claim), she may then again move to remand for lack of subject matter jurisdiction. Should she elect to do so, she is free to rest on – and, in fact, simply entirely incorporate – the arguments she has already made in connection with *this* motion for why her other claims do not provide a basis for subject matter jurisdiction, or to add new ones or further detail to her existing argument. The same is true for Swift in any Opposition it might file to such a motion.

For now, however, for the reasons set forth in the Court's initial tentative ruling on this motion, *see* Docket No. 23, and further explained herein, Plaintiff's motion to remand is denied. The Court vacates, as unnecessary, the December 11, 2023, further hearing on this motion. *See* C.D. Cal. L.R. 7-15.

The Court sets a scheduling conference for January 8, 2024 at 8:30 a.m. The parties are to file a Rule 26(f) report by noon on January 4, 2024.

It is so ordered.

---

[1] Despite Plaintiff's indication that she "does and hereby dismisses" her overtime claim – a statement that appears definitive – it is not only clearly conditioned on the Court disagreeing with her belief about the impact of *Curtis*, but it is also *followed* by an *additional* argument for why she believes her overtime claim is not preempted by the LMRA. *See* Docket No. 25, at 5:12-6:21. Plaintiff has thus communicated somewhat mixed-messages about her *present* intent to dismiss her overtime claim.

| | : |
|---|---|
| Initials of Preparer | JG |